**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONNA M. BOYD,

Plaintiff

v.

FRANK BISIGNANO,
Commissioner of Social Security Administration,

Defendant

Case No.: 3:23-cv-00482-CSD

**ORDER**

Re: ECF No. 22

Before the court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (ECF Nos. 22, 22-1 to 22-4.) The Commissioner filed a response. (ECF No. 28.) Plaintiff filed a reply. (ECF Nos. 32, 32-1 to 32-7.)

After a thorough review, Plaintiff's motion will be granted, however the court will reduce the fees sought to account for block billing, billing for clerical tasks, and some time spent on matters extraneous to the issues presented in this litigation, and will disallow the filing cost on appeal as the Ninth Circuit explicitly stated that each party shall bear its own costs on appeal.

## I. BACKGROUND

Plaintiff, represented by counsel, filed a complaint requesting review of the Commissioner's final decision. (ECF No. 1.) Plaintiff filed a motion for reversal and/or remand. (ECF No. 10) The undersigned issued an order on June 3, 2024, denying the motion for remand and entering judgment in favor of the Commissioner. (ECF Nos. 14, 15.) Plaintiff appealed. (ECF No. 16.) The Ninth Circuit found there was an apparent conflict between the claimant's residual functional capacity (RFC) and the vocational expert (VE) testimony regarding the jobs

the claimant could perform and the Dictionary of Occupational Titles (DOT) assigned Reasoning Level of 2 that the ALJ did not resolve. As such, the Ninth Circuit vacated the judgment and remanded for further proceedings. (ECF No. 19.)

Plaintiff subsequently filed this motion requesting fees under the EAJA at a rate of $244.62 for work performed in 2023, and a rate of $251.84 for work performed in 2024 and 2025. Counsel spent a total of 207.2 hours on this case; however, counsel is seeking compensation for only 3.8 hours in 2023, 100 hours in 2024, and 60 hours in 2025, for a total of $41,223.96. Counsel also seeks to recover $1,257 in costs (the district court filing fee ($402), pro hac vice fee ($250), and notice of appeal fee ($605)), plus expenses in the amount of $602.49 (for printing and mailing of the Ninth Circuit briefs and record excerpts). In the reply brief, counsel also seeks to recover for eight of the 16 hours spent litigating the fees issue.

The Commissioner opposes the motion, arguing that Plaintiff is not entitled to fees because the Commissioner's position was substantially justified. Alternatively, the Commissioner asks the court to reduce the fees requested by 30 percent because Plaintiff seeks fees for over 200 hours of block-billed work, which the Commissioner contends is excessive and combines compensable work with that which is not recoverable under the EAJA.

## II. LEGAL STANDARD

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "[F]ees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has set the applicable statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living by year.

Here, Plaintiff has requested the applicable statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living for the years 2023 and 2024. Plaintiff requests the same rate for hours billed in 2025 as the rate applicable to 2024 even though the adjusted statutory rate is slightly higher. *See Statutory Maximum Rates | United States Court of Appeals for the Ninth Circuit, last visited July 30, 2026.*

## III. DISCUSSION

### A. Prevailing Party

"[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)).

The Commissioner does not dispute that Plaintiff is the prevailing party, but he argues that fees should not be awarded because the government's position was substantially justified and the fees requested are not reasonable.

### B. Substantially Justified

The government has the burden of showing that its position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citation omitted). "Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a

reasonable person.'" *Id*. (quoting *Pierce*, 487 U.S. at 565). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id*. (quoting *Pierce*, 487 U.S. at 565). The "position of the United States" includes both "the position taken by the United States in the civil action' as well as the agency's action or inaction 'upon which the civil action is based.'" *Id.* (citations omitted). In the Social Security context, courts have treated the ALJ's decision as the underlying agency action. *Id.* at 870-71.

"In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability benefits." *Gardner v. Berryhill*, 856 F.3d 652, 656-57 (9th Cir. 2017) (citations omitted).

Here, the Commissioner argues that Plaintiff should not be awarded fees under the EAJA because the government's position was substantially justified. The Commissioner contends that throughout this litigation, Plaintiff's counsel has asserted that this case presented "cutting edge" issues of first impression about an apparent conflict between the vocational expert's testimony and the DOT.

Plaintiff argues that only in a "decidedly unusual case" would EAJA fees be denied on a substantial justification basis where remand has occurred. Plaintiff states the Ninth Circuit rejected the Commissioner's argument, saying it has never held that the government is shielded from a fee award because its argument involves any issue on which the court has not ruled.

In *Gutierrez,* the Ninth Circuit reversed the ALJ's denial of benefits, finding the ALJ did not follow SSA's regulations regarding the evaluation of mental impairments, which required the completion of a psychiatric review technique form (PRTF). *Gutierrez v. Apfel,* 199 F.3d 1048,

1051 (9th Cir. 2000) (*Gutierrez 1*). Gutierrez moved for fees under the EAJA, and the district court denied the motion, finding that the government was "substantially justified in defending the failure to fill out the PRTF because the Ninth Circuit had not ruled on the legal implications of such a failure." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*Gutierrez II*). The Ninth Circuit concluded, however, that the court considers whether "the position of the government was, *as a whole*, substantially justified." *Id*. at 1258-59 (citation omitted, emphasis original).

Thus, the court must consider both "the underlying conduct of the ALJ" and the government's litigation position in assessing whether the government's position was substantially justified. *Id*. at 1259. The Ninth Circuit found the requirement to fill out the PRTF form was not unclear, as the government argued, and it was an abuse of discretion to find the agency's position substantially justified when it is based on a violation of the agency's own regulations. The court also found the government's litigation position lacked a reasonable basis in fact and law.

In this case, the ALJ assessed the Plaintiff as having the RFC to perform light work, except she was limited to simple, routine tasks, among other limitations. (Administrative Record (AR) 23.) The ALJ determined, at step five, based on VE testimony, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, and as such, found Plaintiff not disabled. (AR 32-33.) The jobs identified by the VE and adopted by the ALJ are each assigned a Reasoning Level Two under the DOT.

The question presented in litigation was whether there was an apparent conflict between the limitation to simple, routine tasks and jobs that are assigned Reasoning Level Two under the

DOT. The undersigned noted the lack of clarity on the law with respect to this issue in its June 3, 2024, decision. (ECF No. 14 at 8-10.)

The Ninth Circuit's memorandum disposition points out that Plaintiff objected to the three jobs identified by the VE in a post-hearing letter on the basis that the DOT Reasoning Levels of the three occupations identified by the VE conflicted with the VE's testimony, and they should be excluded, or that the ALJ was required to examine and resolve the conflict pursuant to Social Security Ruling (SSR) 00-4p. The ALJ overruled the objections, citing SSA Emergency Message 21065, which states an agency does not consider DOT Reasoning Levels in making vocational findings. The ALJ did not examine or resolve the conflict. (*See* ECF No. 19 at 2-3.)

The Ninth Circuit panel disagreed and found there was an apparent conflict the ALJ was required to resolve. The panel pointed out the VE's testimony on cross-examination that a claimant with the limitations assigned by the ALJ could not carry out "detailed written and oral instructions." The panel found that each of the three occupations identified by the VE and adopted by the ALJ required the ability to carry out "detailed but uninvolved written oral instructions." The panel explained that "SSR 00-4p does not merely require congruence between DOT Reasoning Levels and limitations given by an ALJ. It also requires that the ALJ explain and resolve conflicts between information in the DOT and occupational evidence provided by VEs." (ECF No. 19 at 4.)

The ALJ did not do so here, and as such, the panel concluded the ALJ erred.

The Commissioner argues that its litigation position was substantially justified because the law was not clear on this issue and this was a matter of first impression. The lack of

controlling authority does not automatically make the Commissioner's litigation position substantially justified. *Gutierrez II*, 274 F.3d at 1261.

Here, the Ninth Circuit panel found the ALJ failed to follow SSR 00-4p, which provides that the ALJ has an affirmative responsibility to address and resolve a conflict between VE evidence and the DOT. *Massachi*, 486 F.3d at 1152. Therefore, based on the Ninth Circuit's findings, the court concludes the Commissioner's litigation position was not substantially justified. *See Gutierrez II*, 274 F.3d at 1259-60 (finding an abuse of discretion to conclude agency position was substantially justified when it was based on violation of the agency's own regulations).

In conclusion, the court does not find the Commissioner's position, as a whole, was substantially justified.

**C. Amount of Fees**

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonably hourly rate, and the results obtained. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (applying principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) "to determine what constitutes a reasonable fee award under the EAJA").

The Commissioner does not dispute the hourly rates requested by Plaintiff's counsel are reasonable. Instead, the Commissioner takes issue with the amount of time billed, some of the tasks that are billed (asserting Plaintiff improperly seeks to recover fees for clerical tasks) and the manner of the billing (block billing, duplicative and unnecessary work). The Commissioner argues that Plaintiff's requested fees should be reduced by 30 percent.

Plaintiff argues that counsel already voluntarily reduced the hours sought for compensation by roughly 21 percent. Plaintiff contends the fees sought are reasonable and in line with other awards in these cases, and in particular, a case with novel issues. Plaintiff's counsel does not seek fees for work done by other attorneys in the firm on this case, the time spent by local counsel, or for the time legal assistants spent performing truly clerical tasks.

The court will now address the Commissioner's specific objections to the requested fees.

First, the Commissioner contends that Plaintiff's fees should be reduced because Plaintiff's counsel inappropriately engaged in block billing.

Plaintiff's counsel maintains that he provided a high level of detail in his billing entries.

The Supreme Court has held that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Courts must be able to easily identify hours reasonably expended. *See Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The court has reviewed the billing entries and finds that Plaintiff's counsel did routinely engage in block billing with many billing entries for between 6 and over 10-hour blocks of time. While the entries contain some level of detail, they are generally not sufficient for the court to determine how much time was spent with respect to a specific task. Moreover, some of the billing entries contain more comments disparaging the Social Security Agency and its counsel than descriptions of the tasks performed.

Second, the Commissioner argues that Plaintiff's fees should be reduced because they include excessive hours for duplicative work. The Commissioner asserts the district and appellate briefs contain significant amounts of duplicated content. In addition, the Commissioner maintains Plaintiff's counsel seeks fees for performing the same work at multiple points, such as

reading the ALJ's decision reading the VE's testimony, reading the Commissioner's district court brief, researching EM-21065, researching SSR 00-4P and DOT Reasoning Levels, Researching SSR 96-9P and post-hearing objections, researching post-hoc rationalizations and researching forfeiture.

Plaintiff explains this is good appellate practice, and it is often necessary to review earlier briefing and authority. In addition, Plaintiff's counsel argues that while the briefing was tailored to the Ninth Circuit, it was necessary to examine the law in a broader fashion.

The court may also reduce fees requested for work that is unnecessarily duplicative. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "[D]etermining whether work is unnecessarily duplicative is no easy task." *Id*. There is much duplication that is necessary when a case goes on for several years that is "inherent in the process of litigating over time" and "*some* degree of duplication" is "an inherent part of the process." *Id*. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*.

There is certainly some degree of duplication in the billing entries provided, but as the Ninth Circuit discussed in *Moreno*, it is difficult for the court to determine from the billing entries alone that duplication which is unnecessary from that which was necessary for litigation. This case was filed in October 2023. The undersigned's order was issued in early June 2024, and the Ninth Circuit issued its memorandum disposition on October 24, 2025. It is reasonable to assume some duplication of efforts, including reviewing dockets and briefing as well as research, was required over this period of time.

Third, the Commissioner asserts that Plaintiff's fees should be reduced because counsel bills for time that was unnecessary within the context of this case, including research for arguments related to SSR 24-3P, even though the parties agreed it did not apply to Plaintiff's claim; administrative forfeiture; job databases; the Ninth Circuit's ruling in *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007); the claimant's ability to raise post-hearing objections to VE testimony; and uncompleted work such as an opposition to the Commissioner's motion to appear remotely at oral arguments due to a lapse in appropriations for the agency and a Rule 11 motion that was never filed.

Insofar as the Commissioner argues that Plaintiff billed for things not at issue, such as whether a claimant can object to VE testimony post-hearing, Plaintiff argues the Commissioner has frequently but inconsistently argued that objections to a VE's testimony must be raised at a hearing, and courts have sua sponte raised the issue. As such, Plaintiff raised the issue protectively in this litigation. With respect to administrative forfeiture, Plaintiff asserts there are cases endorsing this concept, and the Commissioner raises this issue regularly in disability cases. As to SSR 24-3p, Plaintiff asserts that judges have sua sponte asked counsel in other cases if an error under SSR 00-4p is harmless in light of SSR 24-3p. Concerning Emergency Message 21065, Plaintiff's position has been that the reasoning level preclusion was illegal, and explaining the nature of Emergency Messages and showing how they have been treated was relevant to this appeal.

The court may reduce fees for hours that are not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

The court agrees with the Commissioner that some of the time spent on issues that appear to be extraneous to this litigation is excessive and unnecessary. Counsel may certainly spend

time on issues that it anticipates will be raised in litigation, but the amount of time spent on these issues must still be reasonable in the context of the case as a whole. The problem for the court is due to the block nature of counsel's billing entries, it is difficult to determine the precise amounts of time billed for each of these issues to assess necessity and reasonableness as to each entry.

Fourth, the Commissioner argues Plaintiff's fees should be reduced where counsel billed for clerical tasks.

Clerical work is not reimbursable as attorney's fees. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009).

The Commissioner is correct that Plaintiff's counsel's billing entries request to receive fees for time spent performing clerical tasks such as filing the opening brief (ECF No. 22-1 at 3 January 23, 2024 entry), preparing paper copies and contacting the clerk's office (ECF No. 22-1 at 12, September 24, 2024), arranging flights and hotels for oral argument (ECF No. 22-1 at 18, August 11, 2025). The problem is that these entries contain billing for both permissible purposes and impermissible clerical tasks so that it is impossible for the court to determine how much time was spent on the clerical tasks versus the tasks for which fees may be recovered.

The Commissioner asserts that Plaintiff's fee request should be reduced by 30 percent. The court does not find a reduction of that magnitude is warranted. Instead, as a result of Plaintiff's counsel's block billing entries which preclude the court from determining a more precise amount by which to reduce the fee award, the court will impose an across the board "haircut" of 10 percent to the $41,223.96 in fees requested. As such, the court will reduce the fees requested by $4,122.39, for a total of $37,101.57 (plus the fees incurred in litigating the fee motion, which will be discussed below).

/ / /

**D. Costs and Expenses**

Counsel also seeks to recover $1,257 consisting of the filing fee ($402), pro hac vice fee ($250), and notice of appeal fee ($605), plus expenses in the amount of $602.49 (for printing and mailing of the Ninth Circuit briefs and record excerpts).

The Commissioner does not challenge the $602.49 in expenses requested by Plaintiff, but argues that Plaintiff should be denied the $1,257 in costs requested because the Ninth Circuit ordered that each party should bear its own costs.

Federal Rule of Appellate Procedure 39(a) provides rules for the allocation of taxable costs among the parties "unless the law provides, the parties agree, or the court orders otherwise." Fed. R. App. P. 39(a). The Ninth Circuit memorandum disposition indeed concludes by stating that each party shall bear its own costs on appeal. (ECF No. 19 at 4.)

The EAJA provides for the recovery of costs by the prevailing party in this action. 28 U.S.C. § 2412(d)(1)(A).

As the Ninth Circuit explicitly ordered each party to bear its own costs *on appeal*, the court finds it is inappropriate to allow Plaintiff to recover the appellate filing fee ($605), but may recover the district court filing fee ($402) and pro hac vice fee ($250), for a total recovery of $652 in costs (plus the $602.49 in expenses to which the Commissioner does not object).

**E. Fees for motion for fees and reply brief**

Plaintiff's counsel argues he is entitled to an additional 16.4 hours in fees spent litigating the EAJA fee dispute under *Commissioner, INS v. Jean*, 496 U.S. 154, 157 (1990), but in an exercise of discretion, requests only eight hours of fees at the rate of $258.46.

The Commissioner contends the court should deny such fees unless the court finds the arguments persuasive.

The court has found Plaintiff should recover all but ten percent of the fees sought, and therefore, finds that Plaintiff's counsel is entitled to recover the eight hours of fees requested at the rate of $258.46 as a reasonable amount of fees for litigating the fees dispute (or $2,067.68), for a total of $39,169.25 in fees.

**F. May the Fees be Paid Directly to Counsel?**

Plaintiff's motion does not specifically state whether she is requesting that the fees and costs be paid directly to counsel or to Plaintiff.

The Commissioner argues that if any fees are awarded, they belong to Plaintiff and not her attorney.

Plaintiff's reply brief explains the fee agreement contains assignment language, and the Social Security Administration has asked to use this procedure so it can save time and money by issuing EAJA fees by electronic payment when a claimant has no relevant debt.

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that fee awards under the EAJA are the property of the claimant, who is the prevailing party, and not the attorney. To avoid the situation where fees and costs are paid to a claimant, and then an attorney is not paid for work done on the case, many Social Security attorneys ask their clients to assign their right to collect the fees to counsel, and this appears to be proper when there is no applicable government offset. *See Ratliff*, 560 U.S. at 597 (discussing the government's practice of doing this when there was no government offset).

Here, the government does not assert that it is entitled to an offset. Therefore, Plaintiff's assignment of the fee award is permissible, and the award may be paid directly to counsel. *See e.g. Oberg v. Comm'r. Soc. Sec. Admin.*, 6:14-cv-01839-SI, 2016 WL 1385294 (D. Or. Apr. 7, 2016) (awarding fees under EAJA to the plaintiff, and stating that if it is determined the fees are

not subject to any offset, then the check should be made to counsel, based on the plaintiff's assignment of the amount to counsel).

## IV. CONCLUSION

Plaintiff's motion for fees under the EAJA (ECF No. 22) is **GRANTED** insofar as Plaintiff is entitled to recover fees in the amount of $39,169.25 and costs and expenses in the amount of $1,254.49. The award may be paid directly to counsel if Plaintiff has no federal debt that is subject to offset pursuant to Plaintiff's assignment.

Dated: August 3, 2026

Craig S. Denney
United States Magistrate Judge